IRVING, P.J.,
for the Court:
¶ 1. This appeal arises out of a custody dispute between Levi Miller and Sonya Boyd, the natural parents of Lance Spencer Miller. The Madison County Chancery Court denied Levi’s Petition to Modify Child Custody and Child Support Order. Feeling aggrieved, Levi appeals and argues that the chancery court erred in not granting his request for joint legal custody-
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Lance is the only child of Levi and Sonya, who were never married. On December 2, 2008, the chancery court granted Levi and Sonya joint physical custody of Lance. The court also granted Sonya sole legal custody of Lance.
¶ 4. On July 6, 2010, Levi filed a petition for modification, requesting joint legal custody. Levi alleged that his inability to obtain medical care for Lance constituted a material change in circumstances warranting a modification. At the hearing on this issue, Levi testified that he sought joint legal custody of Lance because having to wait for Sonya to consent to Lance’s medical treatment caused Lance to suffer. Additionally, Levi stated that he needed the ability to make medical decisions on Lance’s behalf when Sonya was unavailable.
¶ 5. Sonya testified that Levi’s primary reason for seeking joint legal custody was his dislike of the pediatrician that Sonya had chosen for Lance. Sonya believed that Lance should see only one primary pediatrician. Sonya admitted that she had consented to Lance seeing the pediatrician that Levi had chosen on one occasion, but she explained that that was only because Lance’s primary pediatrician could not see Lance at that time.
¶ 6. The chancery court determined that a material change in circumstances had not occurred since the initial custody order; therefore, it denied Levi’s petition for joint legal custody of Lance.
¶ 7. Additional facts, as necessary, will be related during our discussion and analysis of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. An appellate court will not disturb a chancery court’s findings “when *579 supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, [reached a] clearly erroneous [result,] or an erroneous legal standard was used.” Southerland v. Southerland, 875 So.2d 204, 206 (¶ 5) (Miss.2004) (citing Kilpatrick v. Kilpatrick, 732 So.2d 876, 880 (¶ 13) (Miss.1999)).
¶ 9. The standard for modifying custody requires the non-custodial parent prove, by a preponderance of the evidence, that: a material change in circumstances has occurred since the entrance of the custody decree; the material change adversely affects the child’s welfare; and the best interest of the child requires a change of custody. McSwain v. McSwain, 943 So.2d 1288, 1292 (¶ 15) (Miss.2006).
¶ 10. Levi argues that his alleged inability to obtain medical care for Lance constitutes a material change in circumstances. At the hearing on this issue, Levi provided testimony regarding what he characterized as failed attempts to obtain medical treatment for Lance. On one occasion, Levi took Lance to the doctor for allergy testing. When the doctor wanted to prescribe a new medicine for Lance, Levi needed Sonya’s approval, but Levi claims that Sonya did not respond to his cellular telephone calls or text messages. On a second occasion, when Levi picked Lance up for his scheduled visitation, both parents acknowledged that Lance had cold symptoms. However, Sonya had not taken Lance to the doctor. Levi took Lance to a doctor, and the doctor diagnosed Lance with strep throat. Despite Levi’s insistence that he cannot obtain proper medical care for Lance, the record is devoid of any instance in which Lance did not receive medical care because of Levi’s lack of legal custody. In fact, the record shows that Levi has obtained medical care for Lance without having legal custody and without having obtained Sonya’s consent.
¶ 11. Based on the evidence presented, Levi has failed to demonstrate the existence of a material change in circumstances that would warrant a modification of the original custody order. Because Levi failed to meet his burden, we hold that the chancery court did not err in denying his request for modification. Thus, this issue is without merit.
¶ 12. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.